PEOPLE v HART

Docket No. 78-2131. Submitted March 12, 1979, at Detroit.—Decided
    January 3, 1980.

Thomas W. Hart was charged with conspiracy to commit armed
    robbery and with first-degree murder. Pursuant to a plea
    bargain agreement whereby defendant agreed to testify against
    his co-defendant in exchange for dismissal of the murder
    charge and a ten year "cap" on the maximum sentence to be
    imposed, defendant pleaded guilty to the conspiracy to commit
    armed robbery charge in Macomb Circuit Court before former
    Circuit Judge Walter Cynar. Because of Judge Cynar's appoint-
    ment to the Court of Appeals, Judge Arthur E. Moore was
    presiding when defendant was brought for sentencing. Defen-
    dant's attorney argued that no useful purpose would be served
    by defendant's further incarceration. The prosecution argued
    that probation was not an alternative available to the sentenc-
    ing judge, since conviction for armed robbery requires a prison
    sentence and conspiracy to commit armed robbery similarly
    would not be subject to probation. After adjourning the sen-
    tencing proceeding to resolve the question of the power of the
    court to grant probation under these circumstances, the judge
    indicated that he felt compelled by statute to impose a prison
    sentence. Believing that mandatory imprisonment was re-
    quired, the judge sentenced defendant to a prison term of four
    to ten years and abandoned the idea of giving defendant a
    delayed sentence because of the belief that defendant could not
    be placed on probation. Defendant appeals. *Held:*

    The provision of the criminal conspiracy statute which pro-
    vides that one convicted of conspiracy to commit a felony shall
    be punished by a penalty equal to that which could be imposed
    if the underlying felony had been committed does not trans-
    form a conspiracy prosecution into a prosecution for the offense

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 563.
[1] 73 Am Jur 2d, Statutes § 297.
[2] 21 Am Jur 2d, Criminal Law § 566.
[3] 73 Am Jur 2d, Statutes § 22.

which was conspired to be committed; therefore, conviction of conspiracy to commit armed robbery does not incorporate the prohibition against probation which exists with respect to one convicted of armed robbery. The sentencing judge, being mistaken in his belief as to his power to grant probation, erred in imposing a prison sentence after he had concluded that imprisonment was not a desirable sentencing alternative.

Remanded for resentencing.

V. J. Brennan, P.J., dissented. He would hold that the sentencing judge was correct in his belief that one convicted of conspiracy to commit armed robbery may not be placed on probation. He would hold that the language in the criminal conspiracy statute which provides that punishment "shall" be by a penalty equal to that which could be imposed if defendant had been convicted of committing the crime he conspired to commit, when coupled with the provision in the probation statute prohibiting probation upon conviction for armed robbery, renders conspiracy to commit armed robbery a nonprobationable offense. He would affirm.

### Opinion of the Court

1. Criminal Law — Conspiracy To Commit Armed Robbery — Probation — Statutes.

    The sentencing provision of the criminal conspiracy statute does not by incorporation extend the nonprobational status of an armed robbery conviction to a conviction for conspiracy to commit armed robbery (MCL 750.157a, 771.1; MSA 28.354[1], 28.1131).

2. Criminal Law — Sentences — Conspiracy to Commit Armed Robbery — Probation — Statutes.

    Remand for resentencing is mandated where the sentencing court imposes sentence under the mistaken belief that a conviction for conspiracy to commit armed robbery, like a conviction for armed robbery, is not subject to the provisions of the probation statute (MCL 750.157a, 771.1; MSA 28.354[1], 28.1131).

### Dissent by V. J. Brennan, P.J.

3. Criminal Law — Sentences — Mandatory Imprisonment — Conspiracy to Commit Armed Robbery — Statutes.

    *The sentencing provision of the criminal conspiracy statute, when read in conjunction with the provisions of the probation statute, mandates that a conviction for conspiracy to commit armed robbery, as with a conviction for armed robbery, be*

*punished by imprisonment and not be subject to a sentence of probation (MCL 750.157a, 771.1; MSA 28.354[1], 28.1131).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Alice F. Sage,* Assistant Prosecuting Attorney, for the people.

*James W. Rini,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and D. F. WALSH, JJ.

D. F. WALSH, J. On February 10, 1978, defendant pleaded guilty to conspiracy to commit armed robbery. MCL 750.157a; MSA 28.354(1), MCL 750.529; MSA 28.797. He was sentenced to a prison term of four to ten years.

Defendant was 16 years old at the time he was alleged to have committed the originally charged offenses of conspiracy to commit armed robbery, MCL 750.157a, and first-degree murder, MCL 750.316; MSA 28.548. The prosecutor's petition for waiver of jurisdiction from probate court to circuit court was granted. In circuit court, defendant's guilty plea was entered pursuant to a plea bargain whereby he agreed to testify against his co-defendant. In return, the prosecutor agreed to dismiss the murder charge. A ten year "cap" on the maximum sentence to be imposed on the conspiracy count was also part of the bargain.

At the plea-taking proceeding defendant was told by then Circuit Judge Walter Cynar that, if a sentence of imprisonment was imposed, it would not exceed ten years.

Because of Judge Cynar's appointment to this Court, a different judge sentenced defendant. At

the original sentencing proceeding, defense counsel argued that further incarceration of defendant would serve no useful purpose. Particular emphasis was placed on defendant's current steady employment. At that hearing the judge indicated that he would place defendant on probation. The prosecutor, however, argued that probation was perhaps not an alternative available to the sentencing judge. He pointed out that an armed robbery conviction requires a prison sentence and that perhaps conspiracy to commit armed robbery should be similarly nonprobationable. The judge adjourned sentencing so that this issue could be resolved.

At the second sentencing proceeding, the judge stated, "I don't have any desire to punitively punish you or anything of that kind * * * but there is the statute that is involved which is the conspiracy statute which I think applies, as the robbery statute does, with a minimum * * *." The judge indicated that this mandatory imprisonment precluded him from following the course which he had considered—i.e., to delay sentence for a year. The judge felt that defendant would not be better off by getting a delayed sentence, since the minimum prison sentence would have to be imposed at the end of the year.

The sole issue raised on appeal is whether the sentencing judge erred in ruling that the offense of conspiracy to commit armed robbery is nonprobationable. We disagree with the sentencing judge and remand for resentencing.

The conspiracy statute to which defendant entered his plea of guilty provides:

"Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to

commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein:

(a) except as provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment for 1 year or more, the person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed." MCL 750.157a.

Armed robbery, the offense which defendant admitted he conspired to commit, is punishable by imprisonment for life or for any terms of years. MCL 750.529.

In sentencing a person convicted of armed robbery, a judge may not place him on probation. The probation statute provides:

"Sec. 1. *In all prosecutions for crimes or misdemeanors, except murder, treason, and robbery while armed,* where the defendant has been found guilty upon verdict or plea, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, *the court may place the defendant on probation under the charge and supervision of a probation officer. In any case in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant.* When the sentencing is delayed, the court shall make an order setting forth the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence

the defendant at any time during the extended period."
MCL 771.1; MSA 28.1131. (Emphasis added.)

By its terms the probation statute does not preclude probation in a conspiracy case. Probation is available in all prosecutions for crime unless the crime is one of the three enumerated exceptions—murder, treason and armed robbery. Although the conspiracy statute under which defendant was convicted incorporates the armed robbery statute for punishment purposes, this limited incorporation does not transform a conspiracy *prosecution* into a *prosecution* for the offense which was conspired to be committed.

The conspiracy statute incorporates other appropriate provisions of the Penal Code for punishment purposes. There is no indication that this incorporation was intended by the Legislature to extend to the probation provision of The Code of Criminal Procedure. The independent nature of these two codes *vis-à-vis* each other was recently noted by this Court in *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979).

In sentencing defendant to a prison term of 4 to 10 years, the sentencing judge recommended that he be placed in a camp program. We note that this alternative was also available to the judge under the probation statute, MCL 771.3a; MSA 28.1133(1). The probation statute also expressly provides for delayed sentencing. MCL 771.1.

Because of the sentencing judge's misconceived notion that the offense to which defendant entered a plea of guilty was nonprobationable and because the judge clearly indicated that imprisonment was not a desirable sentencing alternative, we remand for resentencing.

BRONSON, J., concurred.

V. J. BRENNAN, P.J., *(dissenting)*. I respectfully disagree with my colleagues. The majority says the sentencing judge had a misconceived notion that the conviction by plea to conspiracy to commit armed robbery, MCL 750.157a; MSA 28.354(1), MCL 750.529; MSA 28.797, was nonprobationable. The sentencing judge is correct.

The conspiracy statute under which defendant pled guilty, among other things, says "the person convicted under this section *shall* be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit". (Emphasis added.)

The armed robbery statute, MCL 750.529; MSA 28.797, sets forth the punishment for conviction to be imprisonment for life or for any term of years. Probation cannot be imposed for robbery armed and because the conspiracy statute is a "shall" statute the same applies. The trial judge must impose a sentence with a minimum of one year or more.