PEOPLE v EVANS

Docket No. 71068. Submitted September 12, 1983, at Lansing.—Decided February 8, 1984.

James G. Evans pled guilty in Oakland Circuit Court to charges of assault with intent to rob while armed and possession of a firearm in the commission of a felony. He was sentenced to a term of from 13 to 50 years on the principal offense and to a consecutive 2-year term on the felony-firearm count, Alice L. Gilbert, J. Defendant appeals. *Held:*

1. Defendant's argument that the trial court failed to comply with the court rule governing guilty pleas by neglecting to inform defendant of the maximum possible sentence for a conviction of assault with intent to commit armed robbery is rejected. The judge correctly determined that defendant was aware of the maximum sentence possible upon his plea of guilty. The purpose of the court rule was satisfied.

2. Defendant's argument that the trial court erred by failing to comply with the portion of the court rule which states that the court shall tell the defendant of the mandatory minimum prison sentence, if any, for the offense to which the defendant is pleading is rejected. Defendant was adequately apprised of the only mandatory minimum sentence relevant to assault with intent to rob while armed and there was no error in the trial court's failure to inform defendant that that offense was nonprobationable. The offense of assault with intent to rob while armed, to which defendant pled guilty, is not a nonprobationable offense.

3. There is no merit to defendant's argument that the trial

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 471 *et seq.*

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 476.

[3] 21 Am Jur 2d, Criminal Law §§ 536, 591.

73 Am Jur 2d, Statutes § 244.

[4] 21 Am Jur 2d, Criminal Law § 568.

67 Am Jur 2d, Robbery §§ 4, 85.

court failed to advise him of all rights he would be giving up by pleading guilty.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

Precise literal compliance with the court rule relating to the taking of an understanding guilty plea is not always required where a defendant has clearly and of record been apprised of all information mandated by the court rule (GCR 1963, 785.7[1]).

2. CRIMINAL LAW — GUILTY PLEAS — MANDATORY MINIMUM SENTENCES.

Failure to inform a defendant of a mandatory minimum sentence requires reversal of his conviction where the conviction is based upon his plea of guilty.

3. CRIMINAL LAW — ASSAULT WITH INTENT TO ROB WHILE ARMED — SENTENCES — "ANY TERM OF YEARS" — MANDATORY MINIMUM SENTENCE.

The phrase "any term of years" in the statute providing a punishment for assault with intent to rob while armed does not imply or include a mandatory minimum sentence (MCL 750.89; MSA 28.284).

4. CRIMINAL LAW — ASSAULT WITH INTENT TO ROB WHILE ARMED — PROBATION.

Assault with intent to rob while armed is not a nonprobationable offense (MCL 750.89, 771.1[1]; MSA 28.284, 28.1131[1]; GCR 1963, 785.7[1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for plaintiff.

*McDonald & Zipser* (by *John J. McDonald),* for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. Pursuant to a plea bargain agree-

ment in which the prosecutor agreed to dismiss related felonious assault and felony-firearm charges, defendant pled guilty to assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of from 13 to 50 years on the principal offense and to a consecutive 2-year term on the felony-firearm count. Defendant appeals as of right, raising three issues.

Defendant first argues that the trial court failed to comply with GCR 1963, 785.7(1)(b) by neglecting to inform defendant of the maximum possible sentence for a conviction of assault to commit armed robbery. The record discloses that the trial judge, at the plea-taking proceeding, asked defendant to tell the court what the maximum possible prison sentence was for each of the two offenses. Defendant replied, "For the assault with intent to rob is life, and the possession of a firearm is two years."

The purpose of GCR 1963, 785.7(1) is to ensure that a defendant's plea is an understanding one. Precise literal compliance with the rule is not always required where a defendant has clearly and of record been apprised of all information mandated by the court rule. See *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Mitchell,* 125 Mich App 475; 336 NW2d 31 (1983). While it would have been better had the trial judge verbally confirmed defendant's understanding, we are convinced that the judge correctly determined that defendant was aware of the maximum sentence possible upon his plea of guilty. The purpose of GCR 1963, 785.7(1)(b) was satisfied.

Defendant next claims that the trial court's failure to comply with GCR 1963, 785.7(1)(d) con-

stituted reversible error. We disagree. Defendant was adequately apprised of the only mandatory minimum sentence relevant.

GCR 1963, 785.7(1)(d) requires a trial court, before accepting a plea of guilty, to inform a defendant of any mandatory minimum term of imprisonment. In the instant case, the trial judge asked defendant what the mandatory minimum prison terms were and defendant answered, "Two years for the gun, and there is none for the assault, intent to rob." The trial judge did not respond to or clarify this statement. Defendant now claims error in the trial court's failure to inform defendant that the assault charge did carry a minimum term and that it was nonprobationable.

Failure to inform a defendant of a mandatory minimum sentence requires reversal. *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). However, the sentence to be imposed upon conviction for assault with intent to rob while armed is life or "any term of years". The Michigan Supreme Court has recently ruled that this phrase does not imply or include a mandatory minimum sentence. *People v Blythe,* 417 Mich 430, 434; 339 NW2d 399 (1983). While *Blythe* involved interpretation of the armed robbery statute, we find its analysis also applicable to the assault charge involved here, which utilizes identical sentencing language.

Furthermore, despite defendant's unsupported claim to the contrary, assault with intent to rob while armed is not a nonprobationable offense since it is not one of the offenses enumerated in MCL 771.1(1); MSA 28.1131(1) or GCR 1963, 785.7(1)(f) for which probation is unavailable, although armed robbery is. See *People v Hart,* 94 Mich App 577; 288 NW2d 459 (1980), for a similar

analysis involving conviction for conspiracy to commit armed robbery. Therefore, there was no error in the trial court's failure to inform defendant that the offense to which he pled guilty was nonprobationable.

Finally, we find no merit in the third issue raised by defendant, that the trial judge failed to advise defendant of all rights enumerated in GCR 1963, 785.7(1)(g). A review of the record reveals that the judge advised defendant of all rights associated with trial and then informed defendant that by pleading guilty he was foregoing his right to a trial. Defendant was therefore adequately informed that, by entering a guilty plea, he was waiving those rights.

Affirmed.