## JANSSON v DEPARTMENT OF CORRECTIONS

Docket No. 81789. Submitted June 18, 1985, at Detroit.—Decided
October 17, 1985.

Plaintiffs, Gustave E. Jansson, Paul D. Duffy, Jr., Patrick Som-
merville, Harry A. Hosack and William D. Gilbert, who are or
were inmates of the defendant, Department of Corrections,
serving sentences for sex offenses, brought an action in the
Ingham Circuit Court seeking to enjoin the department from
excluding sex offenders as a group from eligibility for place-
ment in community correction centers and work camp pro-
grams. The trial court, James R. Giddings, J., found that the
department's policy of blanket preclusion of sex offenders from
eligibility for community placement and work camp programs
was not authorized by statute and that, in the absence of such
authorization, the blanket preclusion policy was in contraven-
tion of the legislative intent of the community placement and
work camp statutes. The department appeals from the order to
that effect and the Court of Appeals granted a stay pending
resolution of the appeal. *Held:*

MCL 769.2a authorizes the department to exclude sex offend-
ers from community placement residence programs. The stat-
ute is an express directive of the Legislature to the department
that it may not consider sex offenders eligible for community
residential programs. The statute also indirectly supports the
department's policy both because the department is required to
carry out the sentences imposed by the courts and because the
statute is an expression of legislative policy regarding sex
offenders.

Reversed.

1. PRISONS AND PRISONERS — SEX OFFENDERS — CRIMINAL LAW —
   COMMUNITY PLACEMENT RESIDENCE PROGRAMS.
   The statute which provides that a person who is sentenced to

REFERENCES

Am Jur 2d, Criminal Law §§ 525-631.

Failure of prisoner to return at expiration of work furlough or
other permissive release period as crime of escape. 76 ALR3d 658.

See also the annotations in the ALR3d/4th Quick Index under
Halfway House; Sentence and Punishment.

imprisonment in the state prison, or in any county jail, for a sexual act or murder in connection with a sexual act shall not be eligible for custodial incarceration outside the state penal institution or the county jail building authorizes the Department of Corrections to exclude sex offenders as a group from eligibility for placement in community placement residence programs (MCL 769.2a; MSA 28.1074[1]).

2. CRIMINAL LAW — SENTENCING — COMMUNITY PLACEMENT RESIDENCE PROGRAMS — EXCLUSION-BY-CATEGORY POLICY.

The Michigan Supreme Court has approved of an exclusion-by-category policy for use in defining eligibility for community placement residence programs; such a policy may be based upon statutory mandate or legislative intent or policy.

Gustave E. Jansson, Paul D. Duffy, Jr., Patrick Sommerville, Harry A. Hosack and William D. Gilbert, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Louis J. Porter* and *Michael J. Moquin,* Assistants Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

PER CURIAM. Plaintiffs, who are or were inmates of the Department of Corrections serving sentences for sex offenses, brought this action in the circuit court to enjoin the department from excluding sex offenders as a group from eligibility for placement in community correction centers and work camp programs. After a show cause hearing, the lower court ruled that the department lacked statutory authority to exclude sex offenders as a class from community placement and must determine the eligibility of such offenders on a case-by-case basis. Relying on this court's opinion in *Luttrell v Dep't of Corrections,* 116 Mich App 1; 321

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 817 (1982), *rev'd* 421 Mich 93; 365 NW2d 74 (1984), *reh den* 422 Mich 1201 (1985), the lower court found that MCL 769.2a; MSA 28.1074(1) does not authorize the department to institute and enforce a policy of blanket preclusion of sex offenders from eligibility for community placement and work camp programs and that, in the absence of such authorization, the blanket preclusion policy is in contravention of the legislative intent of MCL 791.265a; MSA 28.2325(1), the community placement statute, and MCL 791.265c; MSA 28.2325(3), the work camp statute. The department appeals as of right. This Court granted a stay pending resolution of this appeal.

The only issue is whether MCL 769.2a; MSA 28.1074(1) authorizes the department to exclude sex offenders from community placement residence programs. We hold that it does.

We find that MCL 769.2a; MSA 28.1074(1) both directly and indirectly supports the department's policy of excluding sex offenders from community placement residence programs. We read the statute as an express directive of the Legislature to the department that it may not consider sex offenders eligible for community residential programs. We also believe that the statute indirectly supports the department's policy both because the department is required to carry out the sentences imposed by the courts and because the statute is an expression of legislative policy regarding sex offenders.

I

Direct Support of the Department's Policy

The lower court found that the statute in question is directed exclusively to sentencing courts and has nothing to do with the department's

power. It based this finding on the context of the statute, concluding that because the statute is located among the statutes governing sentencing by trial courts, it must be directed solely to those courts. We find that interpretation too restrictive.

The statute in question is located in the Code of Criminal Procedure, in the chapter covering judgment and sentence. The location of a statute is not dispositive of to whom it is directed. This is particularly true of statutes concerning sentencing. The state's policy on sentecing makes it clear that no single branch of government has a monopoly on criminal sentencing. Statutes regarding sentencing are scattered throughout the Penal Code, the Code of Criminal Procedure, and the Corrections Code. The result of this statutory scheme is a continuum of laws regarding criminal offenses and punishments. No one provision of this continuum may be viewed in a vacuum. Each branch of government must cooperate with the others in sentencing, and no one branch can claim exclusivity over the sentencing policies of the state.

The express language of the statute belies the trial judge's conclusion that the statute in this case is directed exclusively to the sentencing courts:

"Whenever any person shall be lawfully sentenced by any court to imprisonment in the state prison, or in any county jail, for a sexual act or murder in connection with a sexual act, the person so sentenced shall not be eligible for custodial incarceration outside the state penal institution or the county jail building: Provided, That *the warden of any state penal institution may authorize any person sentenced under this section to work ouside the state penal institutuion on prison farms as operated by the state penal institution.*" (Emphasis added.)

Since part of the statute is directed to wardens of

state penal institutions, we conclude that MCL 769.2a; MSA 28.1074(1) is an express directive of the Legislature to the department that it shall not consider sex offenders eligible for community placement.

## II

### Indirect Support of the Department's Policy

Even if one assumes that the statute is directed to sentencing courts only, we would still find that the statute supports the department's exclusion policy. Under MCL 769.2a; MSA 28.1074(1) it is an implicit provision in every sex offender's sentence that the offender "shall not be eligible for custodial incarceration outside the state penal institution", except for prison farms. Since the department is required to execute lawful sentences imposed by the judiciary, the department must deny to sex offenders eligibility for community placement or work camp programs.

Furthermore, we believe that the statute supports the department's policy because it expresses legislative policy concerning placement of sex offenders. Therefore, the department director is justified in concluding, in his discretion, that sex offenders fall outside the category of prisoners "whom there is reasonable cause to believe * * * will honor his trust", MCL 791.265a; MSA 28.2325(1), MCL 791.265c; MSA 28.2325(3), thus making such offenders ineligible for community placement status. In our opinion, the Legislature's intent that sex offenders not be released into society until they have served their minimum sentence is clear, regardless of whether that policy is directed to the courts or to the department.

The exclusion-by-category policy was approved by the Supreme Court when it reversed this

Court's decision in *Luttrell. Luttrell v Dep't of Corrections,* 421 Mich 93; 365 NW2d 74 (1984). In *Luttrell,* the Supreme Court addressed the issue of "whether the Legislature intended to preclude the Department of Corrections from denying certain classes of offenders, 'drug traffickers' in this case, eligibility for placement in community residence programs". 421 Mich 95. The Supreme Court held that the Legislature, by explicitly defining eligibility requirements for prisoners convicted of certain types of crimes, did not intend to preclude the department from defining eligibility requirements for additional categories of offenders. The Court also held that the Legislature intended to vest the department with broad discretion in deciding which offenders should be eligible for such placement.

As the lower court in this case noted, *Luttrell* is directly on point with the instant case. Like *Luttrell,* this case also challenges the validity of the department policy that certain classes of offenders not named in the community placement statutes are wholly precluded from eligibility for such placement. However, the department's policy in this case is on even stronger ground than *Luttrell.* The "drug traffickers" preclusion policy upheld in *Luttrell* was strictly the result of the department's determination, in its discretion, that persons so classified would not honor its trust. The determination was made without benefit of legislative guidance. In the instant case, on the other hand, when the department adopted its sex offender preclusion policy, it did so consistent with the legislative mandate of MCL 769.2a; MSA 28.1074(1). Furthermore, since the Legislature acquiesced in the department's long-standing policy of excluding sex offenders from eligibility, it cannot be said that the Legislature intended to pre-

clude the department from denying the class of sex offenders eligibility for community placement.

The lower court's order declaring unlawful the department's blanket exclusion policy for consideration of sex offenders for community placement and work camp programs is reversed.

Reversed.