PEOPLE v COFFEE

Docket No. 78212. Submitted February 5, 1986, at Detroit. Decided
     May 6, 1986.
     Defendant, Kevin E. Coffee, was convicted in the Oakland Circuit
     Court following his pleas of guilty to breaking and entering a
     motor vehicle and to being an habitual offender, third offense.
     The trial court, Richard D. Kuhn, J., sentenced defendant to
     from 3½ to 10 years imprisonment on the habitual offender
     conviction. Defendant appeals by leave granted. *Held:*
          1. The trial court did not err in advising the defendant that
     probation was the minimum sentence he could receive upon
     conviction on the habitual offender, third offense, plea of guilty.
          2. It is within a trial court's discretion to place a defendant
     convicted of being an habitual offender, third offense, on proba-
     tion pursuant to MCL 771.1(1) in cases where the defendant
     could have been sentenced to probation upon conviction of the
     underlying offense.
     Affirmed.

1. APPEAL — GUILTY PLEAS — MINIMUM SENTENCES — PROBATION.
     A trial court does not err in advising a defendant charged with
     breaking and entering a motor vehicle and with being an
     habitual offender, third offense, that probation is the minimum
     sentence which the defendant may receive upon conviction
     following pleas of guilty to the offenses (MCL 750.356a, 769.11,
     771.1[1]; MSA 28.588[1], 28.1083, 28.1131[1]).

2. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING.
     Habitual offender statutes do not represent separate crimes;

REFERENCES
Am Jur 2d, Criminal Law §§ 525-631.
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7, 13,
     19, 29-32.
Am Jur 2d, Statutes §§ 142-341.
Validity and construction of statute or ordinance mandating impris-
     onment for habitual or repeated traffic offender. 2 ALR4th 618.
Power of court to make or permit amendment of indictment with
     respect to allegations as to prior convictions. 17 ALR3d 1265.

rather, the application of those provisions merely operates to increase the maximum prison term imposed for conviction of the underlying felony (MCL 769.10, 769.11, 769.12; MSA 28.1082, 28.1083, 28.1084).

3. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING — PROBATION.

A trial judge who sentences a defendant convicted of being an habitual offender, third offense, has discretion to place the defendant on probation in cases where the defendant could have been sentenced to probation upon conviction of the underlying offense (MCL 769.11[1][a], 771.1[1]; MSA 28.1083[1][a], 28.1131[1]).

4. STATUTES — JUDICIAL CONSTRUCTION.

The primary object of judicial interpretation of statutes is to ascertain and give effect to the intention of the Legislature; the language of the statute is the best source for ascertaining legislative intent; a court must render a reasonable construction and reconcile apparent inconsistencies where statutory language is of questionable meaning; a provision should be read in its entirety and in connection with the rest of the statute.

5. STATUTES — JUDICIAL CONSTRUCTION.

Interpretation and construction of a statute's terms are unnecessary where the statute is unambiguous on its face; where ambiguity exists, the court must give effect to the intention of the Legislature in enacting the statute.

6. CRIMINAL LAW — SENTENCE ENHANCEMENT.

The purpose of the habitual offender, probation and consecutive sentencing statutes in the Code of Criminal Procedure is to enhance the punishment imposed upon those who have been found guilty of more serious crimes and who repeatedly engage in criminal acts.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Barbara J. Safran,* for defendant on appeal.

Before: BEASLEY, P.J., and GRIBBS and M. H. CHERRY,* JJ.

GRIBBS, J. On December 5, 1983, defendant, Kevin Eugene Coffee, pled guilty to breaking and entering a motor vehicle, MCL 750.356a; MSA 28.588(1), and to being an habitual offender, third offense, MCL 769.11; MSA 28.1083. On January 3, 1984, he was sentenced to from 3½ to 10 years imprisonment on the habitual offender conviction. He appeals by leave granted pursuant to MCR 7.205(F).

On appeal, defendant raises one issue. He contends that the trial court erred when it advised him that probation was the minimum sentence he could receive upon conviction on the habitual offender, third offense, plea, because a defendant may not be sentenced to probation on a conviction of habitual offender, third offense. We disagree and affirm.

Chapter IX of the Code of Criminal Procedure, MCL 769.1 *et seq.;* MSA 28.1072 *et seq.,* governs sentencing. First offenders are sentenced under the indeterminate sentencing provision, MCL 769.8; MSA 28.1080. The general habitual offender provisions, MCL 760.10; MSA 28.1082, MCL 769.11; MSA 28.1083 and MCL 769.12; MSA 28.1084, apply to convictions for second and subsequent felonies.

The habitual offender, third offense, provision, MCL 769.11; MSA 28.1083, reads as follows:

(1) If a person has been convicted of 2 or more felonies, attempts to commit felonies, or both, whether the convictions occurred in this state or would have been for felonies in this state if the convictions obtained outside this state had been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or section 1 of chapter 11 [MCL 771.1], may sentence the person to imprisonment for a maximum term which is not more than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term.

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwide provided in this section or section 1 of chapter 11 [MCL 771.1], may sentence the person to imprisonment for life or for a lesser term.

(c) If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended.

(2) If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof, and the sentence so imposed shall be considered an indeterminate sentence.

Defendant was convicted of breaking and entering a motor vehicle, MCL 750.356a; MSA 28.588(1). That offense is punishable by a fine not to exceed $1,000, or by imprisonment in the state prison for not more than five years. Consequently, he was sentenced under MCL 769.11(1)(a); MSA 28.1083(1)(a).

MCL 771.1(1); MSA 28.1131(1) provides:

(1) In all prosecutions for felonies or misdemeanors, except murder, treason, criminal sexual conduct in the first or third degree, robbery while

armed, and major controlled substance offenses not described in subsection (3), if the defendant has been found guilty upon verdict or plea, and if it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.

Habitual offender statutes do not represent separate crimes; rather, the application of those provisions merely operates to increase the sentence imposed for conviction of the underlying felony, *People v Staples,* 100 Mich App 19, 21-22; 299 NW2d 1 (1980). The general habitual offender statutes allow sentence augmentation of the *maximum* prison term, *People v Voss,* 133 Mich App 73, 77-78; 348 NW2d 37 (1984). Compare MCL 750.520f; MSA 28.788(6) which enhances the *minimum* prison term for second or subsequent convictions of criminal sexual conduct. Probation is an alternative to confining a defendant to jail or prison, and is granted, at the discretion of the court, in lieu of incarceration, *People v Greenlee,* 133 Mich App 734, 736; 350 NW2d 313 (1984).

The question presented in this appeal is whether a trial judge who sentences a defendant convicted of being an habitual offender, third offense, pursuant to MCL 769.11(1)(a); MSA 28.1083(1)(a) has discretion to place that defendant on probation pursuant to MCL 771.1(1); MSA 28.1131(1). We hold that the trial judge may do so in cases where the defendant could have been sentenced to probation upon conviction of the underlying offense.[1]

---

[1] Because the purpose of the general habitual offender provisions is to augment the punishment a defendant can receive when convicted of a second or subsequent felony, we conclude that the Legislature did

The primary object of judicial interpretation of statutes is to ascertain and give effect to the intention of the Legislature. When a statute is unambiguous on its face, interpretation and construction of its terms are unnecessary. However, if an ambiguity exists, the court must give effect to the intention of the Legislature in enacting the statute. The language of the statute is the best source for ascertaining legislative intent. *Dep't of Treasury v Psychological Resources, Inc,* 147 Mich App 140, 145; 383 NW2d 144 (1985). Where statutory language is of questionable meaning, this Court must render a reasonable construction and reconcile apparent inconsistencies, *Dep't of Treasury, supra,* p 146. A provision should be read in its entirety and in connection with the rest of the statute. Whenever possible, the meaning of one section of a statute should be read in harmony with the rest of the statute, *Cliff Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 222; 375 NW2d 397 (1985). Statutes regarding sentencing are scattered throughout the Penal Code, the Code of Criminal Procedure, and the corrections code. The result of this statutory scheme is a continuum of laws regarding criminal offenses and punishments. No one provision in this continuum may be viewed in a vacuum, *Jansson v Dep't of Corrections,* 147 Mich App 774, 777; 383 NW2d 152 (1985).

The purpose of the Code of Criminal Procedure is to codify laws relating to criminal procedure, *People v Smith,* 423 Mich 427, 438; 378 NW2d 384

not intend to make probation available where it would not have been a sentencing option upon conviction of the underlying offense. That is the meaning of the "*except as otherwise provided* in this section or section 1 of chapter 11 [MCL 771.1]" language contained in the general habitual offender provisions. See *Manuel v Dep't of Corrections,* 140 Mich App 356; 364 NW2d 334 (1985), lv den 422 Mich 945 (1985).

(1985). The purpose of the habitual offender, probation and consecutive sentencing statutes in the Code of Criminal Procedure is to enhance the punishment imposed upon those who have been found guilty of more serious crimes and who repeatedly engage in criminal acts, *Smith, supra,* p 445.

The habitual offender, third offense, statute provides, in pertinent part, that "the court, except as otherwise provided in this section or section 1 of chapter 11 [MCL 771.1], may sentence the person to imprisonment for a maximum term which is not more than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term." MCL 771.1; MSA 28.1131 is the provision which permits a trial judge, in proper circumstances, to place a defendant on probation following his conviction for any felony or misdemeanor, except murder, treason, criminal sexual conduct in the first or third degree, robbery while armed, and some major controlled substance offenses. Both of these provisions are part of the Code of Criminal Procedure, and we conclude that they must be construed together as part of the overall statutory sentencing scheme. See *Jansson, supra.*

First, we look to the language of the statutes. Defendant argues that the Legislature made a policy decision that probation should not be available to those convicted of habitual offender, third offense, and that it implemented that policy by leaving the possibility of a term of probation out of the habitual offender, third offense, statute. He notes that MCL 769.10; MSA 28.1082, the habitual offender, second offense, statute, provides as follows:

(1) If a person has been convicted of a felony, an attempt to commit a felony, or both, whether the

conviction occurred in this state or would have been for a felony in this state if the conviction obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

(a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or in section 1 of chapter 11 [MCL 771.1], *may place the person on probation or* sentence the person to imprisonment for a maximum term which is not more that 1½ times the longest term prescribed for a first conviction of that offense or for a lesser term.

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court, except as otherwise provided in this section or in section 1 of chapter 11 [MCL 771.1], *may place the person on probation or* sentence the person to imprisonment for life or for a lesser term.

(c) If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended, being sections 335.301 to 335.367 of the Michigan Compiled Laws.

(2) If the court pursuant to this section imposes a sentence of imprisonment for any term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof and the sentence so imposed shall be considered an indeterminate sentence. [Emphasis added.]

The emphasized language, which expressly permits the trial judge to sentence a person convicted of habitual offender, second offense, to probation, is not found in the habitual offender, third offense, provision. However, both the habitual offender, second offense, provision and the habitual offender, third offense, provision refer to the probation pro-

vision, MCL 771.1; MSA 28.1131. This suggests that probation is an option open to the trial judge.

We also note that MCL 769.11(1)(a); MSA 28.1083(1)(a) provides as follows:

> If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, then the court, except as otherwise provided in this section or section 1 of chapter 11 [MCL 771.1], *may* sentence the person to imprisonment for a maximum term which is *not more* than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term. [Emphasis added.]

That language is permissive, not mandatory. It refers to the upper boundaries of the trial judge's sentencing discretion and it does not set a lower boundary to the trial judge's discretion. See *Voss, supra.*

In addition, MCL 769.11(2); MSA 28.1083(2) reads as follows:

> *If* the court pursuant to this section imposes a sentence of imprisonment for *any* term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof, and the sentence so imposed shall be considered an indeterminate sentence. [Emphasis added.]

The use of the word "if" suggests that it is within the court's discretion to sentence a defendant to something other than imprisonment for a term of years. This suggests that, in proper cases, probation is a permissible alternative.

Next, we look to the legislative history of the provisions at issue in an attempt to ascertain the Legislature's intent in enacting the provisions governing probation and habitual offenders.

Prior to 1945, 1929 CL 17371 read as follows:

In all prosecutions for crimes or misdemeanors, except murder, treason, robbery while armed, and breaking and entering an occupied dwelling house in the night time, where the defendant has been found guilty upon verdict or plea, and where the court has power to sentence such defendant to fine or imprisonment, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, said court shall have the power to place the defendant on probation under the charge and supervision of a probation officer: *Provided, That no person who has been twice convicted of a felony in this state or elsewhere, shall be so placed on probation.* [Emphasis added.]

The proviso in the probation statute prohibiting a sentence of probation for those twice convicted of a felony was removed from the statute by 1945 PA 5. It is clear that the Legislature's intent, in removing that proviso, was to allow judges to sentence habitual offenders to probation.

Prior to 1949, 1948 CL 769.11 read as follows:

A person who after having been twice convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other states, governments or countries, of a crime which if committed within this state would be a felony, commits any felony within this state, is punishable upon conviction as follows: If the felony for which such offender is tried is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person *must* be sentenced to imprisonment for a term not less than the longest term nor more than twice the longest term prescribed

by law for a first conviction of such offense; if the subsequent felony is such that, upon a first conviction the offender might be punished by imprisonment for life then such person *must* be sentenced to imprisonment for life or for a term of not less than 7½ years. [Emphasis added.]

However, in 1949 PA 56 the Legislature amended 1948 CL 769.11, to read as follows:

A person who after having been twice convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other states, governments or counties, of a crime which if committed within this state would be a felony, commits any felony within this state, is punishable upon conviction as follows: If the felony for which such offender is tried is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person *may* be sentenced to imprisonment for a term not more than twice the longest term prescribed by law for a first conviction of such offense or for any lesser term in the discretion of the court; if the subsequent felony is such that, upon a first conviction the offender might be punished by imprisonment for life then such person *may* be sentenced to imprisonment for life or for any lesser term in the discretion of the court. [Emphasis added.]

It is clear that this revision of the habitual offender, third offense, provision eliminated mandatory minimum sentences and accorded greater latitude to the trial judge in sentencing than did the predecessor provision.

The language referring to the probation provision, MCL 771.1; MSA 28.1131, was added to the general habitual offender statutes by 1978 PA 77, § 1. We conclude that that language was added to clarify the Legislature's purpose of permitting a trial judge, in the exercise of his or her discretion, to sentence those convicted of habitual offender,

third offense, to probation where that option would have been available for a conviction of the underlying offense. When the Legislature wanted to preclude trial judges from sentencing third offenders to probation it did so by way of a clear and unequivocal proviso in the probation provision. The fact that the habitual offender provisions are not specifically excepted from MCL 771.1(1); MSA 28.1131(1) suggests that probation is available upon conviction of those offenses. See *People v Evans,* 132 Mich App 239, 242; 347 NW2d 28 (1984). We believe that the Legislature eliminated the proviso from the probation provision and eliminated mandatory minimum sentences for habitual offenders in order to expand the range of the trial judge's sentencing discretion. Consequently, we must reject defendant's argument that the failure of the Legislature to expressly state in MCL 769.11; MSA 28.1083 that probation was a sentencing alternative evinced an intent to preclude trial judges from exercising that option. See *Luttrell v Dep't of Corrections,* 421 Mich 93, 107; 365 NW2d 74 (1984), reh den 422 Mich 1201 (1985); *Dep't of Treasury, supra,* p 144.

We conclude that the habitual offender, third offense, statute allows the trial court to enhance a defendant's sentence, but does not mandate that it do so. That provision does not preclude the trial court, in its discretion, from sentencing a defendant to probation if that option is not expressly foreclosed by MCL 771.1(1); MSA 28.1131(1) or some other specific provision. Consequently, we hold that the trial court's advice to defendant that probation was the minimum sentence he could receive upon conviction of habitual offender, third offense, was correct. Reversal of defendant's guilty plea is not warranted. See *Evans, supra,* pp 242-243.

Affirmed.