859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven McCUAIG, Leo Terryn, Paul Simmons, Gary Smith, Herman
Fant, David Eden, James Jezowski, Lee Vroman, John
Lindsey, Harry King, Ralph Musson,
Timothy Meechan, Fred
Hildreth, Plaintiffs,
Ronald M. Tauber, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Donald Houseworth, Dan Bolden, John Jabe,
Marcia Foresma, James Robbins, Wayne Jackson, Jerry Cooper,
Jerry Reems, Marvin Ludwick, Robert Beard, and Ionia
Transportation Officers, Defendants-Appellees.
 No. 87-1988.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court for consideration of plaintiff's appeal from the district court's judgment dismissing his civil rights claims filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 First, it is noted that only the claims of plaintiff Ronald Tauber are before the court. Tauber is one of fourteen Michigan prisoners who challenged a Michigan statute limiting institutional placement of state prisoners convicted of sex offenses. The case was dismissed by the district court on September 3, 1987. On October 2, 1987, Tauber filed a timely notice of appeal "individually, and as elected spokesman for plaintiff group." The notice of appeal was signed only by Tauber and named only McCuaig and Tauber as plaintiffs. The Supreme Court, in a recent opinion, held that "[t]he failure to name a party in a notice of appeal ... constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2407 (1988). Because McCuaig and Tauber are the only two plaintiffs who are named in the notice of appeal, remaining plaintiffs are not parties to the appeal.
 
 
 3
 Additionally, McCuaig is not properly before the court because he failed to sign the notice of appeal. Generally, the court lacks jurisdiction over the claims of pro se appellants who fail to sign the notice of appeal. See Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Savings and Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir.1974). These decisions are consistent with 28 U.S.C. Sec. 1654 which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel...." (Emphasis added.) The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction, and such an appeal is properly dismissed. Scarrella, 536 F.2d at 1209; McKinney, 507 F.2d at 503. Because it does not appear from the record that Tauber is an attorney qualified to represent McCuaig, McCuaig's appeal must be dismissed.[1]
 
 
 4
 Second, summary judgment against Tauber was proper because he presented no genuine issue of fact and defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 5
 Contrary to Tauber's assertions, he has no protected right to placement in any particular institution, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), or to a particular security classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). See also Meachum v. Fano, 427 U.S. 215, 224 (1976). The loss of a protected right or interest is prerequisite to a claim under 42 U.S.C. Sec. 1983. E.g., Parratt v. Taylor, 451 U.S. 527 (1981). Because Tauber was unable to show a constitutional deprivation, defendants were entitled to judgment as a matter of law.
 
 
 6
 Tauber also failed to demonstrate a deprivation of equal protection. The restrictive placement of sex offenders so as to deny them the opportunity to participate in community release programs is reasonably related to the state's interest in protecting the safety and health of its citizens. See Hendking v. Smith, 781 F.2d 850, 851-52 (11th Cir.1986); Findley v. Staton, 542 F.2d 250 (5th Cir.1976); Wagner v. Holmes, 361 F.Supp. 895, 896-97 (E.D.Ky.1973). Cf. Jansson v. Department of Corrections, 147 Mich.App. 774, 383 N.W.2d 152 (1985) (per curiam) (exclusion policy is consistent with legislative intent that sex offenders should not be released into society until they have served their minimum sentence). If, as Tauber maintains, sex offenders have a lower recidivism rate than armed robbers, nothing in the Constitution prevents the citizenry of Michigan from trying to achieve a higher level of protection against sex crimes than against armed robbery.
 
 
 7
 Accordingly, it is hereby ORDERED that the appeal as to McCuaig is dismissed. Rule 9(b)(1), Rules of the Sixth Circuit. The district court's summary judgment entered against Ronald Tauber is hereby affirmed for the reasons stated by the district court in its opinion and order filed September 3, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 [1]
 This court has, on occasion, granted additional time for named pro se appellants who were non-signators to become signators, but there is no good reason for us to do that here, given our disposition of Tauber's appeal