PEOPLE v BULGER

Docket No. 288312. Submitted November 9, 2010, at Detroit. Decided November 30, 2010, at 9:00 a.m.

Michael Bulger pleaded no contest in the Macomb Circuit Court to one count of operating a motor vehicle while intoxicated and causing death, MCL 257.625(4)(a), and one count of operating a motor vehicle while intoxicated, second offense, MCL 257.625(1) and (9)(b). The court, Mary A. Chrzanowski, J., sentenced defendant to 71 months to 15 years in prison for the conviction of operating a motor vehicle while intoxicated and causing death and 93 days for the conviction of operating a motor vehicle while intoxicated, second offense. Defendant appealed by leave granted the denial of his motion for resentencing, claiming that the court erred by scoring two points for prior record variable (PRV) 5, MCL 777.55, on the basis of defendant's prior conviction of operating a vehicle while a minor with any bodily alcohol content (the "zero-tolerance" provision), MCL 257.625(6), and noting that the prior conviction did not require proof that he had been under the influence of alcohol or was impaired by alcohol as was allegedly required for scoring PRV 5.

The Court of Appeals *held*:

1. A "prior conviction" is defined, for purposes of MCL 257.625, as any violation of the subsections of MCL 257.625, except subsection 2. The Legislature specifically chose to count prior convictions of violating MCL 257.625(6) as prior convictions for the purposes of MCL 257.625.

2. The Legislature used the phrase "under the influence of or impaired by" in MCL 777.55(2)(b) to refer to the drunk-driving statute, MCL 257.625, as a whole and not to specific crimes that include the same language as an element. MCL 257.625 provides clear evidence that the Legislature intended to use prior convictions under MCL 257.625(6) to increase the sentences of repeat offenders. The trial court correctly calculated PRV 5.

Affirmed.

1. SENTENCES — DRUNK DRIVING — SENTENCE ENHANCEMENTS — REPEAT OFFEND-
ERS.

> A prior conviction of operating a motor vehicle while a minor and
> with any bodily alcohol content, MCL 257.625(6), may be used to
> increase the sentences of a defendant who is a repeat offender
> under the drunk-driving statute, MCL 257.625.

2. SENTENCES — PRIOR RECORD VARIABLE 5 — SENTENCE ENHANCEMENTS —
WORDS AND PHRASES — UNDER THE INFLUENCE OF OR IMPAIRED BY ALCOHOL.

> The phrase "under the influence of or impaired by" alcohol in the
> statute regarding the scoring of prior record variable 5 refers to
> the drunk-driving statute, MCL 257.625, as a whole and not to
> specific crimes that include the same language as an element; a
> prior conviction under MCL 257.625(6) of operating a motor
> vehicle while a minor and with any bodily alcohol content may be
> used in scoring prior record variable 5 (MCL 777.55).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Robert Berlin*, Chief Appellate Lawyer, and *Joshua D. Abbott*, Assistant Prosecuting Attorney, for the people.

*Peralta, Johnston & Karam* (by *Dennis A. Johnston*) for defendant.

Before: OWENS, P.J., and WHITBECK and FORT HOOD, JJ.

PER CURIAM. Defendant, Michael Bulger, pleaded no contest to one count of operating a motor vehicle while intoxicated causing death[1] and one count of operating a motor vehicle while intoxicated, second offense.[2] The trial court sentenced Bulger to 71 months to 15 years in prison for the conviction of operating a motor vehicle while intoxicated causing death and 93 days for the conviction of operating a motor vehicle while intoxicated, second offense, with credit for three days already served. Bulger now appeals by leave granted. We affirm.

---

[1] MCL 257.625(4)(a).

[2] MCL 257.625(1) and (9)(b).

I. BASIC FACTS

On April 19, 2007, Bulger drove a vehicle on North Avenue in Macomb Township while under the influence of alcohol, causing the death of Emilee Floer. On October 30, 2007, Bulger pleaded no contest to the charges of operating a motor vehicle while intoxicated causing death and operating while intoxicated, second offense.

The trial court determined, based on Bulger's prior record and offense variable scores, that for the conviction of operating while intoxicated causing death, the sentencing guidelines called for a minimum sentence of 36 to 71 months. In scoring the sentencing guidelines, the trial court assessed two points under prior record variable (PRV) 5[3] for Bulger's prior conviction of operating a vehicle as a minor with any bodily alcohol content (the "zero-tolerance provision").[4] The trial court sentenced Bulger to concurrent terms of 71 months to 15 years in prison for the conviction of

---

[3] MCL 777.55.

[4] MCL 257.625(6) provides:

A person who is less than 21 years of age, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has any bodily alcohol content. As used in this subsection, "any bodily alcohol content" means either of the following:

(a) An alcohol content of 0.02 grams or more but less than 0.08 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2013, the person has an alcohol content of 0.02 grams or more but less than 0.10 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

(b) Any presence of alcohol within a person's body resulting from the consumption of alcoholic liquor, other than consumption of alcoholic liquor as a part of a generally recognized religious service or ceremony.

operating while intoxicated causing death and 93 days for the conviction of operating while intoxicated, second offense, with a credit of three days for time served. Bulger moved for resentencing, challenging the trial court's scoring of PRV 5. Bulger claimed that PRV 5 should have been scored at zero points, resulting in a reduced minimum recommendation of 29 to 57 months. The trial court denied Bulger's motion. Bulger now appeals.

## II. SENTENCING

### A. STANDARD OF REVIEW

Bulger argues that the trial court erred by denying his motion for resentencing. This Court reviews de novo the proper interpretation and application of Michigan's legislative sentencing guidelines.[5]

### B. PRIOR CONVICTION

Bulger argues that his prior conviction of underage drinking and driving under the zero-tolerance provision does not constitute the type of prior conviction that may be counted against him in scoring under the sentencing guidelines. More specifically, he argues that the prior offense was not an offense for "operating a vehicle . . . while under the influence of or impaired by alcohol" because it merely required proof that there was alcohol in Bulger's body, not that he was "under the influence" or "impaired."

This is an issue of first impression. We conclude that the best reading of Michigan's legislative sentencing guidelines, in conjunction with MCL 257.625, supports the prosecution's argument that the trial court properly

---

[5] *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

counted Bulger's prior conviction under the zero-tolerance provision when determining his sentence range.

The sentencing-guidelines statute regarding scoring PRV 5 calls for the trial court to

> [c]ount all prior misdemeanor convictions and prior misdemeanor juvenile adjudications for operating or attempting to operate a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance. Do not count a prior conviction used to enhance the sentencing offense to a felony.[6]

Therefore, the crucial question is whether Bulger's conviction of being a minor who operated a vehicle while having any bodily alcohol content constituted a misdemeanor for operating a vehicle while "under the influence" of alcohol or "impaired by" alcohol.

Resolution of the issue requires this Court to interpret MCL 777.55. And, in doing so, we should ascertain and give effect to the Legislature's intent.[7] We should also reasonably construe the statute, keeping in mind the purpose of the act.[8] Further, we must enforce clear statutory language as written.[9] However, we bear in mind that seemingly plain language may be rendered ambiguous when used in connection with another statute.[10] Thus, we should reconcile apparent inconsistencies if possible.[11]

It is true that Bulger's prior conviction under the

---

[6] MCL 777.55(2)(b).

[7] *People v Giovannini*, 271 Mich App 409, 411; 722 NW2d 237 (2006).

[8] *Id.*

[9] *People v Gillis*, 474 Mich 105, 115; 712 NW2d 419 (2006).

[10] *People v Valentin*, 457 Mich 1, 6; 577 NW2d 73 (1998).

[11] *Nowell v Titan Ins Co*, 466 Mich 478, 483; 648 NW2d 157 (2002); *People v Coffee*, 151 Mich App 364, 369; 390 NW2d 721 (1986).

zero-tolerance provision did not require proof that he was actually under the influence of alcohol or was impaired by alcohol.[12] Further, the Legislature differentiated the zero-tolerance provision from the crimes of operating while intoxicated or operating while visibly impaired by prohibiting a plea of guilty or nolo contendere to a zero-tolerance charge in exchange for dropping either of the more serious charges.[13] Finally, the zero-tolerance provision applies when a minor has an alcohol content of less than 0.08 grams per 100 milliliters of blood, whereas operating while intoxicated requires an alcohol content of at least 0.08 grams.[14]

However, when considering whether a prior violation of the zero-tolerance provision should be treated as a prior offense, the Legislature chose not to make such broad distinctions. MCL 257.625(9) requires heavier fines and increased jail time for offenders with one or more prior convictions, and multiple prior convictions raise operating while intoxicated to a felony. For the purposes of MCL 257.625, a "prior conviction" is defined as any violation of the subsections of MCL 257.625, except subsection (2), the crime of a car owner's authorizing a person who is under the influence of alcohol to drive the owner's vehicle.[15] Thus, the Legislature specifically chose to count prior violations of the zero-tolerance provision as prior convictions for the purposes of MCL 257.625. The only limitation is that multiple violations of the zero-tolerance provision count as a single prior conviction.[16]

---

[12] MCL 257.625(6).

[13] MCL 257.625(16).

[14] MCL 257.625(1)(b) and (6)(a).

[15] MCL 257.625(25) (excluding MCL 257.625[2]).

[16] MCL 257.625(26).

We can extend the approach in the drunk-driving statute, MCL 257.625, to the sentencing statute, MCL 777.55, if we read the sentencing statute broadly to refer to the drunk-driving statute as a whole, rather than to the specific crimes that require proof of operating a vehicle "under the influence of or impaired by" alcohol. Because the drunk-driving statute itself uses the words in both the broad and narrow senses, applying the broad sense to the sentencing statute does not create any new linguistic conflicts. In addition, Bulger's argument would lead to the incongruous situation where a conviction under the zero-tolerance provision would count as a prior conviction for purposes of raising a misdemeanor to a felony, but not for purposes of a sentencing enhancement. It is more likely, therefore, that the Legislature's use of "under the influence of or impaired by" in the sentencing statute refers to the drunk-driving statute as a whole and not to specific crimes that include the same language as an element. The drunk-driving statute provides clear evidence that the Legislature intended to use prior convictions under the zero-tolerance provision to increase the sentences of repeat offenders. Reading the language in the sentencing statute broadly produces a result in which the sentencing statute and the drunk-driving statute coexist harmoniously.

Bulger also claims that several of his prior record and offense variable scores are unconstitutional under *Blakely v Washington*.[17] However, the Michigan Supreme Court has held that *Blakely* does not apply to Michigan's indeterminate sentencing system.[18] Therefore, his argument on this point is without merit.

---

[17] *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004).

[18] *People v Drohan*, 475 Mich 140, 159; 715 NW2d 778 (2006).

The best reading of the sentencing statute[19] and the zero-tolerance provision[20] together reveals that the trial court properly considered Bulger's violation of the zero-tolerance provision in scoring two points for PRV 5. Accordingly, we conclude that the trial court correctly calculated PRV 5.

We affirm.

---

[19] MCL 777.55(2)(b).

[20] MCL 257.625(6).