*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATASHA CHEYNE,

        Plaintiff-Appellee,

v

KENNETH LEMON, JR.,

        Defendant-Appellant.

UNPUBLISHED
May 2, 2019

No. 345501
Alger Circuit Court
Family Division
LC No. 14-007383-DS

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his motion for a change of custody and parenting time and retaining the minor child's primary physical custody with plaintiff. We affirm.

Plaintiff and defendant were never married, but co-habitated and had one child during their nearly three-year relationship. When the child was 2 years old in 2014, petitioner moved with the child from the parties' shared residence in Jackson County and relocated to Alger County. Thereafter, petitioner initiated an action seeking support for the parties' minor child. In December of 2014, the trial court entered a judgment of parenting time and support granting the parties joint legal custody of the child, with plaintiff having sole physical custody and defendant having parenting time for one week each month.

In 2017, plaintiff filed a motion requesting that the parenting-time schedule be modified to allow defendant one weekend per month and one week per month during the summer months because of the child's upcoming enrollment in school and his "emotional distress" allegedly caused by the week-long visitations. Thereafter, defendant filed a competing motion to modify custody and parenting time seeking full physical custody of the minor child. Among the reasons cited for defendant's request for change of custody was that plaintiff initiated false reports with Children's Protective Services (CPS), raising allegations of abuse and neglect, sexual assault, improper supervision, and more by members of defendant's household upon the minor child.

In September of 2017, a referee hearing was held on both motions. The referee opined that there was proper cause and a change in circumstances warranting a review of the custody

arrangement; however, after conducting a best-interests analysis, he ultimately concluded that defendant did not meet his burden of establishing by clear and convincing evidence that a change in custody was in the child's best interests. Further, he indicated that because pre-kindergarten attendance was not mandatory, both motions should be denied. Defendant objected to the recommendation, but thereafter agreed to maintain the prior parenting-time provisions until further order of the court.

In May of 2018, defendant filed an amended motion for modification of custody and parenting time because of the repeated allegedly false CPS reports and investigations and on the basis that the child would require permanency once he began attending school. At a subsequent hearing, the trial court heard testimony by the parties and a CPS witness, reviewed the record, and considered the exhibits presented before concluding that defendant had failed to meet his burden of establishing by clear and convincing evidence that a change in custody was warranted.

On appeal, defendant asserts that the trial court's conclusion that plaintiff's use of innocent agents to file CPS complaints against defendant was not sufficient to find proper cause or change of circumstances to change the existing order was clearly erroneous. We disagree.

We review the trial court's decision regarding whether a party has demonstrated proper cause or a change of circumstances warranting a change of custody to determine whether it is against the great weight of the evidence. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). A finding is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction. *Id*. We review a trial court's decision on whether to change custody for an abuse of discretion. *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017). An abuse of discretion exists in child custody cases when the result is "so palpably and grossly violative of fact and logic that it evidences . . . perversity of will," a defiance of judgment, or the exercise of passion or bias. *Shulick v Richards*, 273 Mich App 320, 323-325; 729 NW2d 533 (2006), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW 2d 810 (1959).

The Child Custody Act of 1970, MCL 722.21 *et seq.*, governs child custody disputes between parents. *Mauro v Mauro*, 196 Mich App 1, 4; 492 NW2d 758 (1992). A custody award may be modified only upon a showing of proper cause or a change of circumstances establishing that the modification is in the child's best interests. MCL 722.27(1)(c); *Lieberman v Orr*, 319 Mich App 68, 81; 900 NW2d 130 (2017). To constitute proper cause meriting consideration of a custody change, there must be appropriate grounds that have or could have a significant impact on the child's life, such that a reevaluation of custody should be made. *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). "To establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513 (emphasis in original). The determination that a change of circumstances has occurred should generally be made by considering the relevant statutory best-interest factors along with the facts presented. *Brausch v Brausch*, 283 Mich App 339, 355; 770 NW2d 77 (2009).

Once proper cause or a change of circumstances is shown, the trial court must determine whether the proposed change would modify the child's established custodial environment.

*Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The purpose of this framework is to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka*, 259 Mich App at 509 (quotation marks and citation omitted). When a modification of custody would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that the change is in the child's best interests. MCL 722.27(1)(c). To be clear and convincing, the evidence must produce in the trier of fact a firm conviction as to the truth of the precise facts at issue. *Hunter v Hunter*, 484 Mich 247, 265; 771 NW2d 694 (2009). Above all, custody disputes are to be resolved in the child's best interests, as measured by the factors set forth in MCL 722.23. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). "This standard cannot be abrogated, even in fairness to the parties." *Soumis v Soumis*, 218 Mich App 27, 34; 553 NW2d 619 (1996). The best-interest factors set forth in MCL 722.23 are:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. . . .

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

"A court need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006). A finding that the statutory factors weigh equally between the parties does not preclude satisfaction of the burden of proof in a motion to modify custody. *Heid v Aaasulewski* (*After Remand*), 209 Mich App 587, 593; 532 NW2d 205 (1995).

As appellee correctly notes, defendant's assertion that the trial court erred by failing to find proper cause or a change in circumstances is factually incorrect because the record clearly indicates that both the FOC referee, who oversaw the first hearing on defendant's motion to modify custody and parenting time, and the trial court, during its de novo review, concluded that proper cause or a change of circumstances existed to warrant review of the parties' custody arrangement. More specifically, in his opinion and recommendation, the referee opined that there had been significant changes since the December 2014 order, including plaintiff's move to Alger County, plaintiff's change of employment, and plaintiff's home environment. Defendant had also experienced a motorcycle accident that left him unable to work, had remarried, and had established a living environment that included his new wife, defendant's son, and defendant's wife's siblings. Additionally, the child was about to begin school, and the prior order did not make his regular school attendance feasible.

Further, the trial court recognized that because defendant's prior objection to the referee's recommendation had not been settled by any prior orders, its review of the record was de novo. The trial court indicated that it was required to find a significant change of circumstances before it would consider the best-interest factors. The trial court noted that this determination was previously made, and "I'm remaking that finding now." Only then did the trial court proceed with the analysis of the best-interest factors.

Next, to the extent that defendant suggests that plaintiff's alleged use of innocent agents to file multiple CPS reports against him was not given sufficient weight and should have warranted a change in custody, we disagree. As noted above, "[a] court need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi*, 273 Mich App at 184. The trial court did so here.

At the hearing, defendant testified that at least four CPS complaints were filed against him, and that three of those complaints involved sexual abuse allegations related to the child. Defendant's counsel argued that CPS investigations were being filed before court hearings and being filed through agencies as part of plaintiff's effort to keep the child from visitation. Additionally, one of the CPS investigators charged with investigating an April 2018 complaint, which alleged that defendant's wife struck the child 14 times, testified that she felt that there might have been some coaching occurring with the child because his answers were inconsistent. A copy of that CPS investigation report was presented to the trial court.

Plaintiff testified at the hearing that she had not made any of the claims to CPS. She indicated that the reports were made by the child's primary care physician, an emergency room doctor, a police officer, the child's psychologist, and an unknown person "downstate."[1] Plaintiff acknowledged that she took the child to the medical appointments and spoke with the police officer. Plaintiff indicated that she was unaware of the psychologist's report to CPS until the investigation was opened and CPS arrived at her home. Plaintiff denied that she ever told the child what to say to CPS. In fact, plaintiff opined that the child was making allegations to avoid going to parenting time, and that "he was making some of the stuff up." Plaintiff also testified that she did not believe the child's report that defendant's wife struck him.

The trial court informed the parties that it had read and considered the CPS report prior to rendering its decision. In its analysis of best-interest factor (*l*), the trial court noted that repeated CPS allegations "certainly" favored defendant because none were substantiated. The trial court showed concern for the minor's dishonesty during his interview, and assigned "more responsibility" to plaintiff for triggering the investigations, but could not place responsibility on her for fabricating the information going into the investigations. Ultimately, the trial court concluded that for factor (*l*), "more things lean towards [defendant]," but there were also aspects that supported the child's current home environment. Ultimately, the trial court concluded that the parties were equal "on almost all factors." Plaintiff was favored in factor (d) and some aspects of factor (*l*), and defendant was slightly favored on factor (e) and some aspects of factor (*l*). The trial court indicated that after consideration of the factors, defendant ultimately failed to convince the court by clear and convincing evidence that a change in custody was in the child's best interests. It is clear from the record that the trial court adequately considered and addressed the CPS allegations and investigations in reaching its conclusions.

Finally, defendant also asserts that there is ample evidence that plaintiff's actions could have a significant impact on the child's well being. However, this assertion is unsupported by the record. While the testimony revealed some difficulty during parenting-time exchanges, overall, there was no evidence presented that the child's well-being was at risk. Indeed, defendant testified about how much the child enjoyed spending time in his home, playing with the other children in the home, enjoying karate, and also enjoying family trips to the waterpark. Accordingly, by all accounts, the child continued to have positive parenting-time visits with defendant despite any alleged actions by the plaintiff.

In sum, the trial court's findings were not against the great weight of the evidence, because the facts do not "clearly preponderate in the opposite direction." *Shade*, 291 Mich App

---

[1] Plaintiff testified that CPS would not tell her who filed the complaint downstate.

at 21. Therefore, the trial court's order denying defendant's motion to modify custody and parenting time is not "so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id.*

Affirmed.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens