*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS LEE MARNEY SR.,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 359845
Ingham Circuit Court
LC No. 19-000879-FH

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction and sentence for one count of assault with intent to do great bodily harm less than murder or by strangulation (AWIGBH), MCL 750.84. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 48 to 240 months' imprisonment, awarded 21 days of jail credit, and ordered to pay $500 in court costs. In addition to challenging his conviction and sentence, defendant challenges the trial court's orders denying his motion to correct an invalid sentence and his motion for resentencing. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises from a domestic assault. In November 2018, defendant and complaining witness, DS, lived together and were in an intimate relationship. On the day of the assault, DS and defendant were napping in defendant's bedroom when DS woke up and went to the bathroom, waking defendant. DS returned to defendant's bedroom, informing him she needed to pick up her children from their father's house. Defendant, irritable and angry from being woken up, began questioning DS about why she was out of bed and accused her of poisoning him. DS, seeking to avoid a confrontation, went to the spare bedroom where she kept her belongings. Defendant followed DS into the spare bedroom and began choking her on the bed on and off for about four minutes.

DS then left the spare bedroom and went into the living room to create a plan to escape. Defendant followed DS and choked her a second time, for about 45 seconds, while she was sitting in a recliner. Defendant stopped choking DS, but threatened to release his dog on her. While defendant was threatening her, DS used an emergency feature on her cellphone to call 911 from

-1-

her sweatshirt pocket. Without speaking to the 911 operator, DS hung up. When the 911 operator called DS back, she pretended she was speaking with her children's father and was able to covertly request help and provide the operator with defendant's address. Shortly thereafter, police arrived at defendant's home and questioned DS and defendant separately. DS eventually told police defendant choked her, and defendant was taken into custody.

Defendant was charged and bound over for AWIGBH after waiving the preliminary examination. Defendant was also charged as a fourth-offense habitual offender based on his prior felony convictions, including: a May 2013 conviction for delivering or manufacturing marijuana, MCL 333.7401(2)(d)(*iii*); a May 2005 conviction for felonious assault, MCL 750.82; and a May 2005 conviction for carrying a concealed weapon, MCL 750.227. Defendant waived his arraignment and pleaded not guilty to AWIGBH. Notably, defendant never objected to the felony information.

During the jury trial, DS, the 911 operator, the responding officers, and defendant testified. In between witness testimony, this exchange occurred:

> *Ms. Nelson* [the prosecutor]: Thank you[,] Your Honor[,] and if I may prior to [calling my next witness] I just wanted to place on the record an issue. I know the defendant has been making a number of faces, shaking his head especially when being asked question of the last witness, specifically looking at jurors. I would just ask the Court direct him to not try to influence or act out—(unintelligible).

> *Mr. Maddaloni* [defense counsel]: I'm objecting at the fact that she even brought it up. I mean it's not anything that is out of [the] ordinary, its—

> *The Court*: —okay—

> *Mr. Maddaloni*: —to me it was done to prejudice my client even further.

> *The Court*: Alright, thank you. You may call your witness.

After closing arguments, the trial court issued jury instructions, specifically instructing jurors to only consider properly admitted evidence when deciding their verdict, which included informing the jury that: "The lawyers' statements and arguments are also not evidence. They are only meant to help you understand the evidence and each side's legal theories. You should only accept things the lawyers say that are supported by the evidence or by your own common sense and general knowledge." Based on the evidence presented at trial, the jury found defendant guilty of AWIGBH beyond a reasonable doubt.

During sentencing, the parties reviewed the presentence investigation report (PSIR). The PSIR indicates defendant had an extensive criminal history, which included several felony convictions, such as: two convictions for larceny from a person, MCL 750.356, and one conviction for felonious assault in April 1997; one conviction for absconding or forfeiting bond, MCL 750.199a, in August 1998; one conviction for possession of a controlled substance, MCL 333.7403, in May 2000; one conviction for felon in possession of a firearm, MCL 750.224f, in October 2005; and one conviction for delivering or manufacturing marijuana in March 2013. Defendant denied having any additions, deletions, or corrections to the PSIR and stated he had no

objections to the scoring of the guidelines. Based on defendant's criminal history and the seriousness of his crimes against DS, the trial court sentenced defendant to 48 to 240 months' imprisonment and imposed $500 in court costs. This appeal followed.

While defendant's appeal was pending before this Court, defendant moved to correct an invalid sentence, arguing the trial court's order of $500 in court costs must be vacated because MCL 769.1k(1)(b)(*iii*) is unconstitutional on the ground that it: (1) creates pressure on trial court judges to convict criminal defendants to ensure the courts are adequately funded, which in turn violated defendant's due-process right to a neutral arbiter; and, (2) violates the separation-of-powers doctrine because the Legislature's enactment of MCL 769.1k(1)(b)(*iii*) prevents the judiciary from maintaining neutrality in criminal proceedings and promoting public confidence in the impartiality of the judiciary. The trial court denied defendant's motion.

Defendant also moved to remand to the trial court to address whether he was entitled to resentencing because he claimed he should not have been sentenced as a fourth-offense habitual offender. This Court granted defendant's motion. *People v Marney*, unpublished order of the Court of Appeals, entered April 3, 2023 (Docket No. 359845). Before the trial court, defendant argued he was entitled to resentencing because the fourth-offense habitual offender notice in the felony information contained inaccurate information. Specifically, defendant claimed the felony information incorrectly stated he was convicted of felonious assault in May 2005, when he was actually convicted in April 1997, and listed a conviction for carrying a concealed weapon despite that defendant had never been convicted of this crime. While defendant conceded he had other felony convictions that could have been used to enhance his sentence, because the fourth-offense habitual offender notice was defective, he contended the prosecutor could not rely on his other convictions. Defendant also argued he was entitled to resentencing because his sentence was based on inaccurate information in the felony information. Further, defendant asserted he was denied the effective assistance of counsel because had his counsel objected to the fourth-offense habitual offender enhancement, his sentencing guidelines and maximum possible sentence would have been lower.

During the hearing, defendant argued there was no proof of service filed for the fourth-offense habitual offender notice in violation of MCL 769.13, which, when considered with the defective notice, entitled him to resentencing. Additionally, because he raised his resentencing arguments in his motion to remand, as required by the applicable statute, MCL 769.34(10), defendant contended his arguments were not waived. In response, the prosecutor stated she verified defendant was served with a copy of the felony information and asserted defendant's argument was waived under MCL 767.76. The trial court denied defendant's motion because: (1) it only relied on the PSIR during sentencing, not the felony information; (2) defendant waived his claim the fourth-offense habitual offender notice was defective by failing to object before trial; and (3) even if defendant had objected, defendant could not prove he was prejudiced because the prosecutor could have substituted one of defendant's four other felony convictions to rectify any error.

## II. PROSECUTORIAL ERROR[1]

Defendant argues he is entitled to a new trial because the prosecutor's statements, made in front of the jury, were prejudicial and deprived him of a fair and impartial trial.

### A. STANDARDS OF REVIEW

Defendant objected to the prosecutor's statements during trial, therefore, his argument is preserved for appellate review. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Preserved issues of prosecutorial error are reviewed de novo to determine whether a defendant was denied a fair and impartial trial. *Id*. at 453. "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). An alleged violation of a criminal defendant's due-process rights presents a constitutional question and is also reviewed de novo. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010).

### B. ANALYSIS

The United States Constitution and Michigan Constitution each guarantee a criminal defendant receives due process of law. US Const, Am XIV; Const 1963, art 1 § 17. Implicit in this guarantee is each criminal defendant enjoys the right to a fair trial. *People v Johnson*, 315 Mich App 163, 179; 889 NW2d 513 (2016). Generally, "prosecutors are accorded great latitude regarding their arguments and conduct," and are "free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (quotation marks, citations, and alteration omitted). "Nevertheless, prosecutors should not resort to . . . arguments that appeal to the fears and prejudices of jury members . . . and must refrain from denigrating a defendant with intemperate and prejudicial remarks." *Id*. at 282-283.

During the jury trial, the prosecutor stated: "I know the defendant has been making a number of faces, shaking his head especially when being asked question of the last witness, specifically looking at jurors. I would just ask the Court direct him to not try to influence or act out—(unintelligible)." Defendant claims these comments were prejudicial because defendant's case "came down to a credibility contest" and they suggested to the jury defendant was acting out in a threatening manner and attempting to influence them. Evaluating the comments in context, while the prosecutor's remarks may have been better stated outside the presence of the jury, *Bahoda*, 448 Mich at 282-283, these comments were isolated, brief, and unlikely to have deflected the jury's attention from the evidence presented. See *People v Watson*, 245 Mich App 572, 591; 629 NW2d 411 (2001). Further, because the trial court expressly instructed the jury not to consider the lawyers' statements as evidence, and jurors are presumed to follow jury instructions, *People v Ericksen*, 288 Mich App 192, 199-200; 793 NW2d 120 (2010), it is presumed the jurors did not

---

[1] This Court has recognized although "prosecutorial misconduct" is a commonly accepted term of art in criminal appeals, it is a misnomer when referring to allegations that do not involve violations of the rules of professional conduct or illegal activity. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). Less egregious conduct involving inadvertent or technical error is more properly characterized as "prosecutorial error." *Id*. at 88.

consider the prosecutor's statements regarding defendant's body language when reaching their guilty verdict. Because the jury instruction was sufficient to eliminate any prejudice that may have resulted from the prosecutor's remarks, defendant is not entitled to a new trial. See *Thomas*, 260 Mich App at 454 (citations omitted).

### III. HABITUAL OFFENDER SENTENCING

Defendant argues that he is entitled to resentencing because the fourth-offense habitual offender notice was defective and he was sentenced based on inaccurate information. Alternatively, defendant argues that he was denied the effective assistance of counsel because counsel failed to object to the defective habitual offender notice during sentencing.

### A. ISSUE PRESERVATION

According to defendant, he preserved his arguments for appellate review by raising them in his motion to remand and his motion for resentencing. While we question whether defendant properly challenged the validity of the habitual offender notice under MCL 769.34(10), any error—whether preserved or not—was harmless.

The habitual-offender statutes, MCL 769.10 *et seq*., enhance a defendant's sentence based on prior felony convictions. *People v Brown*, 492 Mich 684, 689; 822 NW2d 208 (2012). "They do not create a substantive offense independent of the principal charge." *Id*. "Rather, it is a sentence-enhancement procedure with a deterrent and punitive purpose." *Id*. (quotation marks and citations omitted). Defendant's challenge to the habitual offender notice is governed by MCL 769.13, which states:

> A defendant who has been given notice that the prosecuting attorney will seek to enhance his or her sentence as provided under section 10, 11, or 12 of this chapter, may challenge the accuracy or constitutional validity of 1 or more of the prior convictions listed in the notice by filing a written motion with the court and by serving a copy of the motion upon the prosecuting attorney in accordance with rules of the supreme court. [MCL 769.13(4).]

The purpose of MCL 769.13 is to ensure defendant has notice at an early stage in the proceedings that his sentence is subject to enhancement. *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000).

Before his appeal, defendant never filed a written motion challenging the accuracy or the constitutional validity of the fourth-offense habitual offender notice with the trial court. The first time defendant ever challenged the fourth-offense habitual offender notice was when he moved to remand to the trial court under MCL 769.34(10). MCL 769.34(10) states, in pertinent part:

> A party shall not raise on appeal an issue *challenging the scoring of the sentencing guidelines* or *challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range* unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [Emphasis added.]

Because the language of MCL 769.34(10) is clear and unambiguous, we must apply it as written. See *People v Nix*, 301 Mich App 195, 199; 836 NW2d 224 (2013). Thus, in his motion to remand under MCL 769.34(10), defendant was *only* permitted to address issues related to the *scoring* of the sentencing guidelines or challenging the *accuracy of the information* relied on when determining a sentence within the guidelines range.

As noted, a motion docket panel granted defendant's motion to remand so that he could file a motion for resentencing because the trial court allegedly relied on inaccurate information, i.e., two of the listed felonies were inaccurate. Because this procedure is expressly contemplated by MCL 769.34(10), and the motion was granted, defendant arguably preserved this issue for appellate review. However, because defendant's argument regarding the validity of the habitual offender notice does not fall under the umbrella of MCL 769.34(10), defendant's motion could not have preserved this argument.

Our reasoning springs from the plain language of the statute and the effect a habitual offender status has on sentences. As noted, the procedure for remands under MCL 769.34(10), apply when a defendant seeks to challenge "the scoring of the sentencing guidelines" or "the accuracy of the information relied upon in determining a sentence that is within the appropriate guidelines sentence range." Habitual offender enhancements do not affect the *scoring* of the sentencing guidelines. Instead, they set the maximum limits of a defendant's sentence. See MCL 769.12(1) and (2); *People v Bonilla-Machado*, 489 Mich 412, 429; 803 NW2d 217 (2011) (trial court had discretion to increase the statutory maximum because defendant was a second habitual offender); *People v Coffee*, 151 Mich App 364, 368; 390 NW2d 721 (1986) ("The general habitual offender statutes allow sentence augmentation of the *maximum* prison term[.]"). The habitual status does not apply to the court's determination of the actual sentence imposed within the guidelines range. Challenges to the scoring of the sentencing guidelines implicate scoring of the offense and prior record variables, which take into account the severity of the criminal offense and the offender's criminal history to determine the appropriate sentence range. *People v Babcock*, 469 Mich 247, 263-264; 666 NW2d 231 (2003). Because defendant is not challenging the scoring of the offense or prior record variables, he should have challenged the validity of the habitual offender notice under MCL 769.13(4), not MCL 769.34(10), which he failed to do.

However, we need not definitively resolve whether defendant's arguments are preserved for appellate review, because even if they were, we could find no error. As explained below, there is no dispute that defendant had at least three valid prior felonies, so even if both of the listed ones were removed, they could have been replaced with others (had he raised the issue to the trial court).[2]

---

[2] The prosecution contends that, under MCL 767.76, defendant's arguments regarding the defective fourth-offense habitual offender notice are waived because defendant failed to object to the felony information before trial. MCL 767.76 states, in part:

> No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment,

## B. STANDARDS OF REVIEW

"[W]hether defendant is entitled to resentencing is a legal question that we review de novo." *People v Latham*, 334 Mich App 501, 505; 965 NW2d 248 (2020). Whether a defendant was properly apprised of the applicability of habitual-offender enhancements is reviewed de novo, including the interpretation and application of relevant statutes and court rules. *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018). We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Divietri*, 206 Mich App 61,66; 520 NW2d 643 (1994). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

> Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. When no *Ginther*[3] hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record. [*People v Anderson*, 322 Mich App 622, 627-628; 912 NW2d 607 (2018) (quotation marks and citations omitted).]

## C. ANALYSIS

Defendant asserts that the fourth-offense habitual offender notice in the felony information was defective because two of the listed felony convictions were inaccurate. Because the habitual offender notice was defective, defendant argues he was improperly sentenced as a fourth-offense habitual offender under MCL 769.12.

MCL 769.13 states:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and

---

specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit.

While defendant claims the fourth-offense habitual offender notice is defective, he is not requesting to set aside the indictment or his conviction. Instead, defendant argues he is entitled to resentencing because the notice was defective and the trial court relied on inaccurate information during sentencing. Therefore, MCL 767.76 does not apply.

[3] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court. [MCL 769.13(1) and (2).]

Similarly, MCR 6.112(F) states:

A notice of intent to seek an enhanced sentence pursuant to MCL 769.13 must list the prior convictions that may be relied upon for purposes of sentence enhancement. The notice must contain, if applicable, any mandatory minimum sentence required by law as a result of the sentence enhancement. The notice must be filed within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated as allowed under MCR 6.113(E), within 21 days after the filing of the information charging the underlying offense.

"The purpose of the notice requirement is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *Head*, 323 Mich App at 543 (quotation marks and citation omitted). During the motion for resentencing hearing, defendant argued that there was no proof of service filed for the fourth-offense habitual offender notice in violation of MCL 769.13, which, when considered with the defective notice, entitled him to resentencing. However, this error was harmless because defendant had actual notice of the prosecutor's intent to seek an enhanced sentence when he was served with a copy of the felony information containing information regarding the fourth-offense habitual offender enhancement. See *id*. at 543-545.

Defendant's fourth habitual offender enhancement was based on a May 2013 conviction for delivering or manufacturing marijuana; a May 2005 conviction for felonious assault; and a May 2005 conviction for carrying a concealed weapon. According to the PSIR, defendant was convicted of felonious assault in April 1997, not May 2005, and he was never convicted of carrying a concealed weapon. Regardless of these inaccuracies, defendant admits, and the PSIR shows, he is a fourth offense habitual offender. Apart from his statutory violation claim, defendant has not alleged his ability to respond to the habitual offender charge was prejudiced by the inaccuracies in the habitual offender notice. See *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999). Because defendant had actual notice of the prosecutor's intent to impose the habitual offender enhancement and defendant is actually a fourth-offense habitual offender, we conclude the trial court properly denied defendant's motion for resentencing and sentenced him as a fourth-offense habitual offender. See *People v Hornsby*, 251 Mich App 462, 470-471; 650 NW2d 700 (2002), abrogated in part on other grounds by *People v Jones*, 494 Mich 880 (2013).

Defendant also contends he is entitled to resentencing because the trial court relied on inaccurate information. Because defendant expressly stated he had no additions, corrections, or deletions to the PSIR and had no objections to the scoring of the guidelines at sentencing, his arguments are waived and extinguish any alleged error. See *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011). Regardless, because the record shows the trial court only relied on the PSIR during sentencing, and defendant does not allege the PSIR was inaccurate, and

because he was, in fact, a fourth-offense habitual offender, there is no merit to his argument that he was sentenced based on inaccurate information and he is not entitled to resentencing.

Alternatively, defendant argues he was denied the effective assistance of counsel because his counsel failed to object to defendant "being sentenced as a fourth habitual offender." To establish ineffective assistance of counsel, "a defendant must show that (1) the lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for the lawyer's deficient performance, the result of the proceedings would have been different." *Anderson*, 322 Mich App at 628. "Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

Because defendant's argument that he was sentenced based on inaccurate information is meritless, defense counsel was not ineffective for not objecting during sentencing. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Further, defendant was not prejudiced by defense counsel's failure to object to the fourth-offense habitual offender enhancement before trial because even if the trial court corrected the charging documents to accurately reflect his felony convictions, defendant would have still been sentenced as a fourth-offense habitual offender. See *Hornsby*, 251 Mich App at 469-473. Because counsel is not ineffective for failing to advocate a meritless position, defendant is not entitled to resentencing on these grounds. *Snider*, 239 Mich App at 425.

## IV. CONSTITUTIONALITY OF STATUTE

Defendant argues MCL 769.1k(1)(b)(*iii*) is unconstitutional because it: (1) infringes on defendant's right to appear before an impartial, disinterested, and neutral arbiter; and, (2) disrupts the separation of powers.

Defendant's arguments were expressly addressed and rejected in *People v Johnson*, 336 Mich App 688, 692-705; 971 NW2d 692 (2021), and the Supreme Court has denied leave to appeal. *People v Johnson*, 511 Mich 1047 (2023). Therefore, this Court's holding in *Johnson* is binding precedent under MCR 7.215(J)(1). See *People v Danto*, 294 Mich App 596, 613; 822 NW2d 600 (2011). In *Johnson*, we held MCL 769.1k(1)(b)(*iii*) was not facially unconstitutional because: (1) court costs imposed under MCL 769.1k(1)(b)(*iii*) must have a factual basis and be reasonably related to the actual costs incurred by the court; and (2) the defendant failed to show MCL 769.1k(1)(b)(*iii*) creates a financial interest strong enough to cause trial courts to ignore their constitutional mandates. *Johnson*, 336 Mich App at 692-705. Defendant's challenges to the facial constitutionality of MCL 769.1k(1)(b)(*iii*) fail.

## V. CONCLUSION

Because: (1) any alleged prosecutorial error was cured by the trial court's jury instructions; (2) the discrepancies in the fourth-offense habitual offender notice did not violate defendant's due process rights and defendant failed to prove he was denied the effective assistance of counsel; and

(3) MCL 769.1k(1)(b)(*iii*) is not unconstitutional, we affirm defendant's conviction and sentence.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly